UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANTHONY GAMBINO,

                Plaintiff,

   v.                                                 9:20-CV-162
                                                        (DNH/DJS)

CORRECTION OFFICER CAREY and NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION,

                Defendants.

---

**APPEARANCES:**                               **OF COUNSEL:**

ANTHONY GAMBINO
Plaintiff, *Pro Se*
19-A-3031
Franklin Correctional Facility
P.O. Box 10
Malone, New York 12953

HON. LETITIA JAMES                             LAUREN R. EVERSLEY, ESQ.
Attorney General of the State of New York      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

     Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this *pro se* action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights. Dkt. No. 1,

Compl. Presently pending is Defendants' Motion for Summary Judgment in lieu of an answer, seeking dismissal of Plaintiff's claims based on his failure to exhaust available administrative remedies. Dkt. No. 21. To date, Plaintiff has not filed a response to the Motion. For the reasons which follow, the Court recommends that the Motion for Summary Judgment be granted.

## I. BACKGROUND

The Complaint alleges that Plaintiff's rights were violated on November 22, 2019, when he was injured while attempting to climb to the top bunk at the direction of Defendant Correction Officer Carey. Compl. at pp. 3-4. Plaintiff alleges on that date, he was moved to a new cell and ordered by Defendant Carey to climb to the top bunk, despite having been previously given a bottom-bunk pass due to a prior knee surgery. *Id.* Plaintiff alleges that after he was unable to locate his pass, Defendant Carey threw Plaintiff on the wall and "continued to yell" at him. *Id.* Plaintiff then attempted to comply with Defendant Carey's orders by climbing to the top bunk, when he fell and injured his knee. *Id.* at p. 4.

After initial review of the Complaint under 28 U.S.C. §§ 1915(e) & 1915(A), District Court Judge David N. Hurd permitted the following claims to proceed: (1) Eighth Amendment excessive force and conditions of confinement claims asserted against Defendant Carey; and (2) Americans with Disabilities Act ("ADA") and Section

504 of the Rehabilitation Act claims asserted against Defendant DOCCS.  Dkt. No. 13 at pp. 8-10.

In support of the Motion for Summary Judgment, Defendants offer affidavits from DOCCS employees indicating that Plaintiff did not complete the administrative grievance process prior to commencing his suit.  *See* Dkt. No. 21-3, Tavernier Decl.; Dkt. No. 21-4, Seguin Decl.  Plaintiff was housed at Franklin Correctional Facility between October 7, 2019 and January 28, 2020.  Tavernier Decl. at ¶ 11.  During that time, the Franklin Correctional Facility had a fully-functioning grievance process.  Seguin Decl. at ¶ 17.  Plaintiff filed a grievance on November 29, 2019, concerning the excessive force and inadequate conditions of confinement claims relating to the events on November 22, 2019.  *Id.* at ¶ 12; Compl. at pp. 24-26.  On December 27, 2019, Plaintiff wrote to the Inmate Grievance Committee requesting an appeal of his grievance to CORC.  Tavernier Decl. at ¶ 18; Compl. at p. 27.  Four days later, on December 31, 2019, Plaintiff mailed his Complaint and commenced the instant lawsuit.  Tavernier Decl. at ¶¶ 18, 21; Compl. at p. 12.  At the time Plaintiff mailed his Complaint, records indicate that CORC had yet to receive his appeal.  Seguin Decl. at ¶ 14.  CORC received the appeal on January 3, 2020.  *See* Seguin Decl. at ¶ 14 & Ex. "A".

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment

3

as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin,* 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc*., 164 F.3d 736, 742 (2d Cir. 1998). "[T]he

4

trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff has failed to respond to Defendants' summary judgment motion. "Plaintiff's failure to oppose Defendants' summary judgment motion does not mean the motion is to be granted automatically." *Carleton v. Annucci*, 2018 WL 7917921 at *4 (N.D.N.Y. Nov. 21, 2018) (citing *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996)). "An unopposed motion for summary judgment may be granted 'only if the facts as to which there is no genuine dispute show that the moving party is entitled to judgment as a matter of law.'" *Id.* Local Rule 56.1(b)[1] requires a response to the movant's statement of material facts. The moving party is required to notify *pro se* litigants about the

---

[1] Formerly L.R.7.1(a)(3), this rule was amended as of January 1, 2021.

potential consequences of their failure to respond to a summary judgment motion. L.R. 56.1(a). Defendants included this warning as required in their Notice of Motion to Plaintiff. Dkt. No. 21 at p. 3. Moreover, the Court *sua sponte* extended Plaintiff's time to respond and provided an admonishment of the potential consequences of his failure to do so. Dkt. No. 24. Despite these efforts, there has been no response from Plaintiff. L.R. 56.1(b) provides that the Court "may deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert."

### III. DISCUSSION

#### A. The Grievance Process

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Id.* at 524; *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (stating that the mandatory language of § 1997e(a) forecloses

judicial discretion to craft exceptions to the requirement). Furthermore, § 1997e(a) requires "proper exhaustion," which means using all steps of the administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). The defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. *Howard v. Goord*, 1999 WL 1288679, at *3 (E.D.N.Y. Dec. 28, 1999).

In New York, the administrative remedies consist of a three-step Inmate Grievance Program ("IGP"). First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). An inmate must submit a grievance "within 21 calendar days of the alleged occurrence." *Id.* at § 701.5(a). An inmate may request an extension of the time limit within forty-five days of the date of the alleged occurrence. *Id.* at § 701.6(g). The IGRC reviews and investigates the formal complaint and then issues a written determination. *Id.* at § 701.5(b). Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRC's determination and issues a decision. *Id.* at § 701.5(c). Finally, upon appeal of the superintendent's decision, the Central Office Review Committee ("CORC") makes the final administrative determination. *Id.* at § 701.5(d). Only upon exhaustion of all three levels of review may a prisoner seek relief in federal court.

*Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing, *inter alia*, *Porter v. Nussle*, 534 U.S. at 524); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

An expedited procedure exists for grievances regarding alleged harassment; this procedure also requires that the grievant receive a response from CORC in order to exhaust. 7 N.Y.C.R.R. § 701.8. Pursuant to this expedited procedure, the inmate may first report the incident to the employee's immediate supervisor. *Id.* at § 701.8(a). The inmate's allegations are then given a grievance number and the superintendent (or his designee) must promptly decide whether the grievance, if true, would represent a bona fide case of harassment. *Id.* at §§ 701.8(b) & (c). If the superintendent determines the grievance to be a case of harassment, he must render a decision within 25 days; the grievant may then appeal that determination to CORC. *Id.* at §§ 701.8 (d)-(h).

### B. Plaintiff's Attempts to Exhaust His Administrative Remedies

The evidence presented by Defendants in support of the Motion establishes that Plaintiff has failed to fully exhaust his administrative remedies. The parties appear to agree that Plaintiff filed one grievance related to some of the allegations in the Complaint. Dkt. No. 21-1, Defs.' Mem. of Law at pp. 5-8; Compl. at p. 12. Defendants contend that Plaintiff's grievance did not include any allegations against DOCCS concerning Plaintiff's claims under the ADA and the Rehabilitation Act, and therefore those claims have not been exhausted. Defs. Mem. of Law at p. 10. With respect to

8

Plaintiff's Eighth Amendment claims against Defendant Carey, Defendants maintain that Plaintiff commenced this action prior to completing the grievance process and as a result, those claims are also unexhausted. *Id.* at pp. 10-12.

Plaintiff filed a grievance with the IGRC on November 29, 2019. Tavernier Decl. at ¶ 16; Compl. at pp. 24-26. Plaintiff indicates that the grievance was subsequently forwarded to the Superintendent for review due to the allegations of staff harassment contained therein. Compl. at p. 12. After the Superintendent failed to respond within the 25-day time frame, Plaintiff filed an appeal of the grievance to CORC on December 30, 2019.[2] Compl. at p. 27; Tavernier Decl. at ¶ 18. The appeal was received by CORC on January 3, 2020, and a final determination was issued on February 19, 2020. Tavernier Decl. at ¶¶ 20-21; Seguin Decl. at ¶ 15. Plaintiff commenced this lawsuit on December 31, 2019, one day after his appeal to CORC was filed and three days before the appeal was received by CORC. *See* Compl.; Seguin Decl. at ¶ 16.

First, it is noted that Plaintiff's ADA and Rehabilitation Act claims against DOCCS are subject to the exhaustion requirements of the PLRA. *Carleton v. Annucci*, 2018 WL 7917921 at *8 (N.D.N.Y. Nov. 21, 2018). Plaintiff's Eighth Amendment excessive force and conditions of confinement claims against Defendant Carey are also subject to the requirements of the PLRA. *Porter v. Nussle*, 534 U.S. at 532.

---

[2] Plaintiff's appeal to CORC is dated December 27, 2019 (Compl. at p. 27), however, a review of records by CORC indicated that the appeal was actually filed on December 30, 2019. Seguin Decl. at ¶ 13.

Next, evidence submitted by both parties demonstrates that Plaintiff filed suit prior to fully exhausting the grievance process. In order "[t]o properly exhaust administrative remedies, an inmate must file an appeal with CORC." *Torres v. Carry*, 672 F. Supp. 2d, 338, 343 (S.D.N.Y. 2009). Plaintiff indicates in his Complaint that he initiated an appeal with CORC after the Superintendent failed to respond to his grievance within the 25-day period. Compl. at p. 12. Plaintiff provided a copy of this letter, dated December 27, 2019, with his Complaint. Compl. at p. 27. 7 N.Y.C.R.R. § 701.5(d)(3)(ii) allows CORC a period of 30 calendar days in which to render a written decision on an appeal. Plaintiff's appeal was received by CORC on January 3, 2020. *See* Seguin Decl. ¶ 14, Ex. A. CORC therefore had 30 calendar days running from January 3, 2020, in which to render a decision. 7 N.Y.C.R.R. § 701.5(d)(3)(ii). However, Plaintiff had already mailed his Complaint and initiated the instant lawsuit before the appeal was received by CORC. *See* Compl. at p. 12; Tavernier Decl. at ¶ 21; Seguin Decl. at ¶ 16.

In order to properly exhaust administrative remedies, an inmate must not only file an appeal with CORC, but also receive a decision on that appeal. *See Pierrot v. Piserchia*, 2015 WL 6504540 at *5 (N.D.N.Y. Oct. 27, 2015). "[W]here a plaintiff's grievance has not been appealed to and decided by the highest body in the administrative process, the plaintiff cannot be said to have exhausted his administrative remedies and his claims are thus properly dismissed by a court." *Jones v. Allen*, 2010 WL 3260081,

10

at *2 (S.D.N.Y. Aug. 9, 2010). Furthermore, the subsequent determination of Plaintiff's claim by CORC does not remedy this failure to exhaust prior to filing suit. *Sherwood v. Senecal*, 2019 WL 5197606, at *5 (N.D.N.Y. May 20, 2019). Plaintiff commenced this action on December 31, 2019, four days after his letter requesting an appeal to CORC was signed, and prior to receiving a final determination from CORC. Compl. at pp. 12 & 27; Seguin Decl. at ¶¶ 16-18. Merely initiating an appeal to CORC, without receiving a final determination, is insufficient for purposes of exhaustion. "To the extent a civil rights claim must be exhausted by the grievance process, completion of the three-tiered process, through and including a final decision by the CORC, must be completed *before an action asserting that claim may be filed in court.*" *Haywood v. Fuller*, 2019 WL 2442142, at *3 (N.D.N.Y. June 12, 2019) (citing cases) (emphasis added).

The facts and evidence set forth by both Plaintiff and Defendants regarding Plaintiff's use of the grievance process establish that there is no question of material fact remaining as to the extent to which Plaintiff attempted to complete the grievance process. For these reasons, the Court finds that Defendants have carried their burden of establishing that Plaintiff failed to exhaust his administrative remedies.

### C. Whether Plaintiff's Failure to Exhaust Administrative Remedies May be Excused

A prisoner's failure to exhaust administrative remedies may nonetheless be excused if remedies were unavailable to the inmate. *Ross v. Blake*, 136 S. Ct. at 1858. As the Supreme Court stated in *Ross*, "[a]n inmate . . . must exhaust available remedies,

11

but need not exhaust unavailable ones." *Id*. The Court provided three potential circumstances in which administrative remedies may be unavailable: (1) where the administrative procedure technically exists but operates as a "dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and (3) where prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60. Plaintiff bears the burden of establishing that the grievance procedures were unavailable within the meaning of *Ross*. *Martin v. Wyckoff*, 2018 WL 7356771, at *5 (N.D.N.Y. Oct. 16, 2018), *report and recommendation adopted*, 2019 WL 689081 (N.D.N.Y. Feb. 19, 2019).

Plaintiff has failed to respond to Defendants' Motion for Summary Judgment and as a result, has not set forth any additional evidence to establish that the grievance process was unavailable to him. Plaintiff does claim in his initial grievance that he "fear[ed] for [his] safety from C.O. Carey" and was later threatened by a sergeant not to report the incident. Compl. at p. 25. However, a general fear of retaliation is insufficient to excuse a failure to exhaust. *Rodriguez v. Landry*, 2020 WL 6747806, at *6 (N.D.N.Y. Oct. 26, 2020); *Harrison v. Stallone*, 2007 WL 2789473 at *5 (N.D.N.Y. Sept. 24, 2007). Such speculative allegations do not rise to the level of rendering the grievance process unavailable. *See Harrison v. Stallone*, 2007 WL 2789473 at *6. Moreover,

12

Plaintiff's actual use of all steps of the grievance procedure here, although incomplete, tends to demonstrate that the grievance process was in fact available to him.

Plaintiff bears the burden of establishing an excuse under *Ross*, but his conclusory allegation here does not meet that burden. *Richard v. LeClaire*, 2019 WL 5197041, at *8 (N.D.N.Y. May 6, 2019), *report and recommendation adopted*, 2019 WL 4233184 (N.D.N.Y. Sept. 6, 2019) ("Plaintiff's conclusory assertions . . . in no way satisf[y] his burden of showing, or even raising a material issue of fact as to, the availability of the IGP under *Ross*."); *Davidson v. Desai*, 817 F. Supp. 2d 166, 195 (W.D.N.Y. 2011) ("Plaintiff is required to point to some evidence in the record, other than self-serving, conclusory statements.").

For these reasons, the Court recommends that the Motion for Summary Judgment based on the failure to exhaust be granted and the Complaint dismissed in its entirety.

### IV.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 21) be **GRANTED**; and it is further

**RECOMMENDED**, that Plaintiff's claims against Correction Officer Carey and DOCCS be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[3] within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   March 26, 2021
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).